FILED
United States Court of Appeals
Tenth Circuit

**July 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

HOWARD DELACRUZ-BANCROFT,

    Plaintiff - Appellant,

v.

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER, a/k/a SCS/NSC;
JACK IN THE BOX, INC.;
NEWBOLD CORPORATION, on
behalf of its Division National Service
Center,

    Defendants - Appellees.

No. 24-2169
(D.C. No. 1:23-CV-00023-JB-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT\***
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

    \* After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in
the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Howard DeLaCruz-Bancroft, proceeding pro se,[1] appeals the district court's dismissal of his civil claims against Field Nation, LLC ("Field Nation"); Jack in the Box, Inc. (JITB); and Spartan Computer Services (SCS)/National Service Center (NSC) and NewBold Corporation (collectively, "NewBold").[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Mr. DeLaCruz-Bancroft sued Field Nation, NewBold, and JITB in state court in New Mexico, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligent and/or intentional misrepresentation, and violations of New Mexico's Unfair Trade Practices Act. He used Field Nation's online work platform to obtain Information Technology jobs from business listings on the platform, but he alleged Field Nation permanently banned him from the platform because NewBold

---

[1] Because Mr. DeLaCruz-Bancroft proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] After issuing a show-cause order to clarify "then-existing ambiguities in the record regarding" the relationship between NSC, SCS, and NewBold, the district court expressly recognized the parties' agreement that, for purposes of the litigation, the three "are a single, merged entity." R. at 378–79 n.2.

and JITB informed Field Nation he had worked off the platform in violation of his user agreement with Field Nation. He further alleged Field Nation banned him from the platform unfairly and that it "did not consider or respond to [his] explanation that [NewBold] was the one who initiated work off the platform." R. at 17.

Field Nation removed the case to federal court. Field Nation then answered the complaint, asserting among its affirmative defenses that "Plaintiff's claims in this litigation [were] subject [to] a valid and enforceable arbitration agreement." R. at 65.

Shortly thereafter, Field Nation filed a motion to compel arbitration and to dismiss the claims against it. A federal magistrate judge issued proposed findings and a recommended disposition (PFRD) recommending the court grant the motion and dismiss the claims against Field Nation. Mr. DeLaCruz-Bancroft timely objected to the PFRD, but the district court overruled the objections, granted the motion, and dismissed Field Nation.

JITB and NewBold had filed motions to dismiss in state court before removal. After briefing was complete before the federal court, the magistrate judge entered a second PFRD recommending that the court grant the motions to dismiss for four reasons:

(1) Mr. DeLaCruz-Bancroft did not plead a contract existed between him and JITB/NewBold;

3

(2) Because there was no contract, there could be no breach of the implied covenant of good faith and fair dealing;

(3) New Mexico's three-year statute of limitations barred Mr. DeLaCruz-Bancroft's tort claims, *see* N.M. Stat. Ann. § 37-1-8; and

(4) Mr. DeLaCruz-Bancroft could not bring a claim under the New Mexico Unfair Trade Practices Act because he did not plead that he was a buyer of goods or services and therefore lacked standing under the Act. *See Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 113 P.3d 347, 353 (N.M. Ct. App. 2005) ("[T]he [New Mexico Unfair Practices Act] gives standing only to buyers of goods or services.").

Mr. DeLaCruz-Bancroft did not file an objection to the second PFRD. The district court reviewed it to determine if it was clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Finding none of these things, the district court adopted the second PFRD, dismissing the breach of contract and tort claims against JITB and NewBold with prejudice and dismissing the claim under the New Mexico Unfair Practices Act against JITB and NewBold without prejudice. This appeal followed.

## II

We do not address Mr. DeLaCruz-Bancroft's appellate arguments challenging the second PFRD because he did not timely object to it before the district court. This court follows the firm waiver rule, under which "the

4

failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The firm waiver rule "does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks and italics omitted).[3] And in applying the interests-of-justice exception, "we can think of no rational basis for excepting a pro se litigant's failure to object to a magistrate's report from our longstanding practice of reviewing for plain error issues raised for the first time on appeal by counseled litigants." *Id.* at 1120 (italics omitted).

The second PFRD clearly informed Mr. DeLaCruz-Bancroft of the time period for objecting (fourteen days) and stated in prominent, bold text: "A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed,

---

[3] This court entered an order directing Mr. DeLaCruz-Bancroft "to show cause in writing why he has not waived his right to appellate review of the district court's dismissal of his claims against JITB [and NewBold] by failing to [respond to] the PFRD underlying that dismissal." Order to Show Cause at 4. Mr. DeLaCruz-Bancroft responded, and we have considered his response.

no appellate review will be allowed." R. at 359. So, the first exception to the firm waiver rule does not apply.

As for the second, "interests of justice" exception, Mr. DeLaCruz-Bancroft "contends his responses to the first PFRD addressed overlapping substantive issues in the second PFRD thereby rendering any procedural oversight immaterial," Aplt. Resp. to Order to Show Cause at 2, but the first PFRD recommended dismissal of First Nation, whereas the second PFRD concerned the dismissal of NewBold and JITB for very different reasons. So, even if we were to construe his objections to the first PFRD as objections to the second, they would be immaterial.

Mr. DeLaCruz-Bancroft also asserts that he filed a motion for extension of time to respond to the second PFRD, but that the district court entered its order adopting the second PFRD without ruling on his motion. The record belies this assertion. Mr. DeLaCruz-Bancroft filed a motion for extension of time to file a response to the district court's order adopting the second PFRD, but he did not timely request an extension to file objections to the magistrate judge's second PFRD.

The remainder of Mr. DeLaCruz-Bancroft's arguments for why we should apply the interests of justice exception, liberally construed, merely restate his arguments on appeal as to why the district court erred in

6

adopting the second PFRD. But he does not argue these errors satisfy the plain-error standard, nor is it readily apparent how they would. "And the failure to do so—the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011); *see also Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1143 (10th Cir. 2023) (concluding "a belated and perfunctory effort is insufficient" to grant relief for forfeited argument). So, the second exception to the firm waiver rule does not apply either.

The firm waiver rule bars review of the district court's order adopting the second PFRD and dismissing his claims against JITB and NewBold.

**III**

Mr. DeLaCruz-Bancroft did timely object to the first PFRD. "We review de novo the district court's order compelling arbitration." *See Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1219 (10th Cir. 2021). We agree with the district court there existed a valid and enforceable agreement to arbitrate. The "Terms and Conditions" portion of Mr. DeLaCruz-Bancroft's agreement with Field Nation provided, in bold-faced capital letters on its first page, that it "contains mandatory individual arbitration agreement and class action/jury trial waiver provisions that require the use of arbitration on an individual basis to

7

resolve covered disputes, rather than jury trials or class actions." R. at 141. The agreement also provided Mr. DeLaCruz-Bancroft and Field Nation "mutually agree to resolve any and all covered justiciable disputes between them exclusively through final and binding arbitration instead of a court or jury trial," *id.* at 151, and that it survived the termination of their relationship, *see id.* at 153.

Mr. DeLaCruz-Bancroft argues Field Nation waived its right to enforce the arbitration agreement by its litigation conduct. But Field Nation raised the agreement as a defense in its answer—the very first pleading it filed after removal to federal court—and it moved to compel arbitration before the parties had completed any other steps in the litigation process, such as the entry of a scheduling order, the selection of a trial date, or discovery of any kind. It did not "defend[] itself against [Mr. DeLaCruz-Bancroft's] suit as if no arbitration agreement existed," *Morgan v. Sundance, Inc.*, 596 U.S. 411, 414 (2022). Instead, Field Nation promptly asserted the existence of the arbitration agreement as a basis to dismiss. It did not file a counterclaim, and Mr. DeLaCruz-Bancroft points to no compelling authority indicating that removal to federal court, alone, amounts to a waiver of Field Nation's right to arbitrate. So, the district court did not err when rejecting Mr. DeLaCruz-Bancroft's waiver argument.

8

Mr. DeLaCruz-Bancroft also asserts the district court erred in dismissing his complaint without giving him the opportunity to amend it, but he did not ever seek amendment before the district court, and he does not describe to this court *how* he would have amended his complaint to avoid enforcement of the arbitration agreement. So, we will also not disturb the district court's ruling on that basis.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge